UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 19-CR-150

      v.

ADAM K. FEVOLD,

        Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Adam K. Fevold has filed a motion for a compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in the above matter. Fevold is currently serving an eighteen-month sentence for impersonating a U.S. Marshal and possession of a firearm by a felon. Sentence was imposed on January 30, 2020, and Fevold is currently serving his sentence at FCI Elkton in Lisbon, Ohio. In his motion for release, Fevold contends that the current outbreak of disease around the country and the world caused by the COVID-19 virus places him in extreme danger of serious sickness or death. Attached to his motion are news articles reporting that three inmates at FCI Elkton have died, though each was significantly older than Fevold and had underlying chronic medical problems. Twenty inmates at the 2400 inmate facility have been hospitalized and an additional eighty have been placed in isolation.

The court is aware of the concerns created by COVID-19 and specifically, the serious outbreak of the disease at FCI Elkton. But it is the Bureau of Prisons (BOP), an agency of the Department of Justice that is responsible for safely housing federal inmates, that has primary initial authority to decide requests for compassionate release. The sentencing court has no

authority to act on such a request until and unless the inmate has first submitted it to the BOP. The statute governing compassionate release states, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

The Director of the BOP has not filed with the court a motion on Fevold's behalf asking for his early release, and it appears from his motion that Fevold has not submitted his request to the warden of the facility. It thus follows that this court has no authority to grant the relief Fevold has requested. For this reason, his request must be denied.

Fevold argues that because of the emergency created by the COVID-19 outbreak at FCI Elkton, exhaustion of his administrative remedies is not required. The authority cited does not support this proposition, however. Indeed, as the Third Circuit recently commented in the case of a similar request made by a sixty-eight-years old defendant housed at a New Jersey facility and who suffers from Parkinson's Disease, diabetes, and heart issues, the failure to exhaust "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, – F.3d –, 2020 WL 1647922, at *2 (3d Cir. April 2, 2020).

Not only is exhaustion of administrative remedies required as a matter of law, but it also makes good policy sense. The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates. As

2

the Government observes, the Attorney General has already "directed the BOP—and in particular, institutions like FCI Elkton where Fevold is an inmate—to immediately identify vulnerable inmates for release on home confinement." Dkt. No. 26 at 1 (citing BOP's COVID-19 website). By failing to present his request first to the warden, Fevold may ultimately end up delaying the relief he seeks.

Finally, it should be noted that Fevold has just turned 32 and, according to his presentence report, is in good health without any history of diagnosis or treatment for any chronic health conditions. Although he now contends that he may have a chronic heart condition, he offers no medical evidence of such. He thus would seem to fall within the large category of people who are unlikely to suffer serious health consequences from the virus, even if he is unfortunate enough to contract the illness. The court does not intend to minimize the risks that COVID-19 poses in the federal prison system and even to people in good health, but as the Third Circuit noted "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, – F.3d –, 2020 WL 1647922, at *2.

For all of these reasons, Fevold's request for compassionate release is denied. If his situation is as dire as he suggests, the court would expect the BOP to provide relief. If it fails to do so, Fevold is free to renew his motion in this court once he has afforded the BOP the opportunity to address his concerns.

**SO ORDERED** at Green Bay, Wisconsin this ___8th___ day of April, 2020.

                                                                s/ William C. Griesbach
                                                                William C. Griesbach, District Judge
                                                                 United States District Court